UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
MARC DORN, Individually, and on Behalf of :
All Other Persons Similarly Situated,
:
        Plaintiffs,
:
  -against-                         INDEX NO. 08 Civ. 10271(LTS)
:
EDDINGTON SECURITY, INC., BOVIS    **DEFENDANTS' ANSWER,**
LEND LEASE LMB, INC., MARK  :  **AFFIRMATIVE DEFENSES &**
EDDINGTON,                            **RESPONSES TO CROSS-CLAIMS**
:
        Defendants.
:
------------------------------------ X

      Defendants, Eddington Security, Inc., and Mark Eddington by and through their attorneys Arent Fox LLP, state their Answer to the Complaint:

<u>NATURE OF THE ACTION</u>

    1.    Defendants deny the allegations contained in paragraph 1 of the complaint.

    2.    Defendants deny the allegations contained in paragraph 2 of the complaint except admit that Eddington Security Inc. (hereinafter "Eddington Security") provides security services to businesses in New York City and its vicinity including the property identified as 130 Liberty Street, New York, New York.

    3.    Defendants deny the allegations contained in paragraph 3 of the complaint but admit that Mark Eddington is employed by Eddington Security Inc. as a Business Agent.

    4.    Defendants deny sufficient knowledge or information to form a belief as to the allegations contained in paragraph 4 of the complaint.

    5.    Defendants deny the allegations contained in paragraph 5 of the complaint but

admit that Bovis Lend Lease LMB contracted with Eddington Associates to provide security services at 130 Liberty Street, New York, NY. 10006.

6. Defendants deny the allegations contained in paragraph 6 of said complaint.

7. Defendants deny the allegations contained in paragraph 7 of said complaint.

8. Defendants acknowledge that plaintiff asserts that he brings this action under the Fair Labor Standards Act, 29 U.S.C. §§201 et seq., Rule 23 of the Federal Rules of Civil Procedure under the New York Labor Law Article 19, §§ 650 et seq., and New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. Tit. 12, Part 142 in paragraph 8 of the complaint but deny the appropriateness of the same.

## JURISDICTION AND VENUE

9. Defendants acknowledge that plaintiffs assert that the Court has jurisdiction pursuant to 28 U.S.C. §§§§ 1331, 1337, 1367, 1332 in paragraph 9 of the complaint but deny the appropriateness of the same.

10. Defendants acknowledge that plaintiff claims 29 U.S.C.§216(b) as a basis of jurisdiction in paragraph 10 of the complaint but deny the appropriateness of the same.

11. Defendants acknowledge that plaintiff claims 28 U.S.C.§§2201 and 2202 as a basis for this Court issuing a declaratory judgment in paragraph 11 of the complaint but deny the appropriateness of the same.

12. Defendants acknowledge that plaintiff claims 28 U.S.C.§1391(b) as a basis of venue in paragraph 12 of the complaint but deny the appropriateness of the same.

13. Defendants deny the allegations contained in paragraph 13 of the complaint but admit that Eddington Security Inc. has offices at 2268 Story Avenue, Bronx, NY 10473.

14. Defendants deny sufficient knowledge or information to form a belief as to the

allegations contained in paragraph 14 of the complaint.

15. Defendants admit the allegations contained in paragraph 15 of the complaint.

16. Defendants deny the allegations contained in paragraph 16 of the complaint.

## THE PARTIES

17. Defendants deny sufficient knowledge or information to form a belief as to the allegations contained in paragraph 17 of the complaint.

18. Defendants deny the allegations contained in paragraph 18 of the complaint but admit that Marc Dorn was employed from April 2008 to November 2008.

19. Defendants deny the allegations contained in paragraph 19 of the complaint but admit that plaintiff Marc Dorn worked at 130 Liberty Street during his employment.

20. Defendants deny the allegations contained in paragraph 20 of the complaint.

21. Defendants deny the allegations contained in paragraph 21 of the complaint.

22. Defendants deny the allegations contained in paragraph 22 of the complaint.

23. Defendants deny the allegations contained in paragraph 23 of the complaint.

24. Defendants deny the allegations contained in paragraph 24 of the complaint.

25. Defendants deny the allegations contained in paragraph 25 of the complaint.

26. Defendants deny the allegations contained in paragraph 26 of the complaint except admit that Eddington Security Inc. is a New York corporation.

27. Defendants deny the allegations contained in paragraph 27 of the complaint except admit that Eddington Security Inc. offices are located at 2268 Story Avenue, Bronx, NY 10473.

28. Defendants deny the allegations contained in paragraph 28 of the complaint but admit that Eddington Security Inc. hired employees and paid them appropriate wages in

compliance with the law and when appropriate fired employees.

29. Defendants deny the allegations contained in paragraph 29 of the complaint but note that Eddington Security is an employer as defined under FLSA and NYLL.

30. Defendants deny sufficient knowledge or information to form a belief as to the allegations contained in paragraph 30 of the complaint.

31. Defendants deny sufficient knowledge or information to form a belief as to the allegations contained in paragraph 31 of the complaint.

32. Defendants deny sufficient knowledge or information to form a belief as to the allegations contained in paragraph 32 of the complaint.

33. Defendants deny sufficient knowledge or information to form a belief as to the allegations contained in paragraph 33 of the complaint.

34. Defendants deny the allegations contained in paragraph 34 of the complaint.

35. Defendants deny the allegations contained in paragraph 35 of the complaint but admit that Mark Eddington performed the job duties of a Business Agent.

36. Defendants deny the allegations contained in paragraph 36 of the complaint.

37. Defendants deny the allegations contained in paragraph 37 of the complaint but admit that Mark Eddington is a Business Agent with Eddington Security, Inc.

## COLLECTIVE ACTION ALLEGATIONS

38. Defendants note that plaintiff asserts that he is bringing FLSA claims on behalf of himself and all similarly situated persons as alleged in paragraph 38 of the complaint without admitting the appropriateness of the same.

39. Defendants deny the allegations contained in paragraph 39 of the complaint.

## CLASS ACTION ALLEGATIONS

40. Defendants note that plaintiff asserts that he brings New York Labor Law claims on behalf of himself and all similarly situated persons as alleged in paragraph 40 of the complaint without admitting the appropriateness of the same.

41. Defendants deny the allegations contained in paragraph 41 of the complaint.

42. Defendants deny the allegations contained in paragraph 42 of the complaint.

43. Defendants deny the allegations contained in paragraph 43 of the complaint and its sub-parts (a-i).

44. Defendants deny the allegations contained in paragraph 44 of the complaint.

45. Defendants deny sufficient knowledge or information to form a belief as to the allegations contained in paragraph 45 of the complaint.

46. Defendants deny sufficient knowledge or information to form a belief as to the allegations contained in paragraph 46 of the complaint.

47. Defendants note the allegations contained in paragraph 47 of the complaint concerning a class action and superiority to other available methods for the fair and efficient adjudication of this litigation without admitting the appropriateness of same.

48. Defendants deny the allegations contained in paragraph 48 of the complaint but admit that Eddington Security Inc. has compensated plaintiff and potential class members for all of the work they have performed.

49. Defendants deny the allegations contained in paragraph 49 of the complaint and all of its subparts (a-f).

50. Defendants deny the allegations contained in paragraph 50 of the complaint.

51. Defendants deny the allegations contained in paragraph 51 of the complaint but

admit that it paid overtime compensation to employees when they worked in excess of forty hours per week.

52. Defendants deny the allegations contained in paragraph 52 of the complaint.

## RESPONSES TO THE FIRST CAUSE OF ACTION

53. Defendants repeat and reallege each and every answer of the preceding paragraphs with the same force and effect as though fully set forth herein.

54. Defendants deny the allegations contained in paragraph 54 of the complaint.

55. Defendants deny sufficient knowledge or information to form a belief as to the allegations contained in paragraph 55 of the complaint.

56. Defendants note that plaintiff alleges that he and other similarly situated current and former employees were engaged in commerce and/or production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a) without admitting the appropriateness of same.

57. Defendants acknowledge that in paragraph 57 of the complaint plaintiff alleges that FLSA applies to Eddington but does not admit the appropriateness of the same.

58. Defendants acknowledge that in paragraph 58 of the complaint that plaintiff alleges that he was an employee within the meaning of 29 U.S.C. §§203(e) and 207(a) but does not admit the appropriateness of the same.

59. Defendants deny the allegations contained in paragraph 59 of the complaint.

60. Defendants deny the allegations contained in paragraph 60 of the complaint.

61. Defendants acknowledge that in paragraph 61 of the complaint that plaintiff asserts that "plaintiffs and class members were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§203(e) and 206(a)" without

NYC/425279.1

admitting the appropriateness of the same.

62. Defendants deny the allegations contained in paragraph 62 of the complaint but admit that it employed Marc Dorn from April 2008 to November 2008.

63. Defendants acknowledge that in paragraph 63 of the complaint that plaintiff asserts that Defendants have been engaged in commerce and/or production of goods for commerce within the meaning of 29 U.S.C. §§203(e) and 206(a) without admitting the appropriateness of the same.

64. Defendants deny the allegations contained in paragraph 64 of the complaint.

65. Defendants deny the allegations contained in paragraph 65 of the complaint.

66. Defendants deny the allegations contained in paragraph 66 of the complaint.

67. Defendants deny the allegations contained in paragraph 67 of the complaint.

## RESPONSES TO THE SECOND CAUSE OF ACTION

68. Defendants repeat and reallege each and every answer of the preceding paragraphs with the same force and effect as though fully set forth herein.

69. Defendants deny the allegations contained in paragraph 69 of the complaint.

70. Defendants deny the allegations contained in paragraph 70 of the complaint.

## RESPONSES TO THE THIRD CAUSE OF ACTION

71. Defendants repeat and reallege each and every answer of the preceding paragraphs with the same force and effect as though fully set forth herein.

72. Defendants deny the allegations contained in paragraph 71 but admit that Marc Dorn was employed from April 2008 to November 2008.

73. Defendants acknowledge that plaintiff alleges that the overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants

-7-
NYC/425279.1

without admitting the appropriateness of the same.

74. Defendants deny the allegations contained in paragraph 74 of the complaint.

75. Defendants deny the allegations contained in paragraph 75 of the complaint.

76. Defendants deny the allegations contained in paragraph 76 of the complaint.

## RESPONSES TO THE FOURTH CAUSE OF ACTION

77. Defendants repeat and reallege each and every answer of the preceding paragraphs with the same force and effect as though fully set forth herein.

78. Defendants deny the allegations contained in paragraph 78 of the complaint.

79. Defendants deny the allegations contained in paragraph 79 of the complaint.

80. Defendants acknowledge that plaintiffs allege that they do not seek liquidated damages under NYLL without admitting the appropriateness of the same.

## RESPONSES TO THE FIFTH CAUSE OF ACTION

81. Defendants repeat and reallege each and every answer of the preceding paragraphs with the same force and effect as though fully set forth herein.

82. Defendants deny the allegations contained in paragraph 82 of the complaint except admit that employees are required to wear uniforms.

83. Defendants deny the allegations contained in paragraph 83 of the complaint.

84. Defendants deny the allegations contained in paragraph 84 of the complaint.

85. Defendants deny the allegations contained in paragraph 85 of the complaint except admit that plaintiff and class members are prohibited by law from working without licenses.

86. Defendants deny the allegations contained in paragraph 86 of the complaint.

87. Defendants deny the allegations contained in paragraph 87 of the complaint.

-8-
NYC/425279.1

88.   Defendants deny the allegations contained in paragraph 88 of the complaint.

## RESPONSES TO THE SIXTH CAUSE OF ACTION

89.   Defendants repeat and reallege each and every answer of the preceding paragraphs with the same force and effect as though fully set forth herein.

90.   Defendants deny the allegations contained in paragraph 90 of the complaint.

91.   Defendants deny the allegations contained in paragraph 91 of the complaint.

## RESPONSES TO THE SEVENTH CAUSE OF ACTION

92.   Defendants repeat and reallege each and every answer of the preceding paragraphs with the same force and effect as though fully set forth herein.

93.   Defendants deny the allegations contained in paragraph 93 of the complaint.

94.   Defendants deny the allegations contained in paragraph 94 of the complaint.

95.   Defendants deny the allegations contained in paragraph 95 of the complaint.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which an award of punitive damages can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which an award of attorneys' fees can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is estopped and barred by his own conduct from recovering any relief.

NYC/425279.1

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from relief due to their failure to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part due to Plaintiffs' failure to plead with the requisite particularity under the Federal Rules of Civil Procedure.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint does not allege a class properly certifiable under Federal Rule of Civil Procedure 23.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not an appropriate representative of the alleged class of employees at issue.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not similarly situated to the alleged class of employees at issue.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged collective action under section 216 of the Fair Labor Standards Action is inappropriate and improper.

## ELEVENTH AFFIRMATIVE DEFENSE

This court lacks subject matter jurisdiction over all issues and/or matters alleged in this action.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants have not acted in a willful manner since Defendants' managerial decisions were made in good faith compliance with the law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged waiver of liquidated damages under the New York Labor Law creates

a material conflict of interest between himself and the other potential class members arising under the New York Labor law; this conflict of interest disqualifies Plaintiff as an adequate representative of the purported class; therefore, the class action claims in the First Amended Complaint are barred for lack of an adequate class representative.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and allegations asserted in the First Amended Complaint are barred by the applicable statute of limitations including without limitation the time limit stated in FLSA and the New York Labor Law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's request for a jury trial should be stricken as to each claim not triable by jury of right.

## SIXTEENTH AFFIRMATIVE DEFENSE

The procedures and requirements of a collective action commenced according to the Fair Labor Standards Act conflict with the procedures and requirements of the Federal Rules of Civil Procedure for a class action; therefore, the purported class action herein is barred.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The liquidated damages and penalty provisions of the New York Labor Law preclude the class action claims of the First Amended Complaint in this case.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants adopt any and all affirmative defenses available to it that may later be deemed relevant to these proceedings and specifically reserves the right to amend its Answer to assert such defenses.

## RESPONSES TO DEFENDANT BOVIS LEND LEASE LMB, INC.'S CROSS-CLAIMS

1. Defendants deny the allegations contained in paragraph 1 of Defendant Bovis Lend Lease LMB's ("Bovis") Cross-Claims but admit that Eddington Security Inc. is a New York corporation and has offices at 2268 Story Avenue, Bronx, New York 10473.

2. Defendants deny the allegations contained in paragraph 2 of Defendant Bovis' Cross-Claims but admit that Eddington Associates entered into an agreement with Bovis Lend Lease LMB to provide security services at 130 Liberty Street, New York, New York.

3. Defendants acknowledge that Defendant Bovis alleges that this Court has supplemental jurisdiction over its cross-claims pursuant to 28 U.S.C. §1367 without admitting the appropriateness of the same.

### RESPONSES TO DEFENDANT BOVIS' FIRST CROSS-CLAIM

4. Defendants acknowledge that Defendant Bovis asserts allegations concerning insurance requirements in paragraph 4 of the Defendant Bovis' Cross-Claims without admitting the appropriateness of the same.

5. Defendants deny the allegations contained in paragraph 5 of Defendant Bovis' Cross-Claims.

6. Defendants deny the allegations contained in paragraph 6 of Defendant Bovis' Cross-Claims.

7. Defendants deny the allegations contained in paragraph 7 of Defendant Bovis' Cross-Claims.

### RESPONSES TO DEFENDANT BOVIS' SECOND CROSS-CLAIM

8. Defendants acknowledge that Defendant Bovis asserts allegations concerning an indemnification and hold harmless provision in Article 8 of the Agreement in paragraph 8 of the

-12-
NYC/425279.1

Defendant Bovis' Cross-Claims without admitting the appropriateness of the same.

9. Defendants deny the allegations contained in paragraph 9 of Defendant Bovis' Cross-Claims.

10. Defendants deny the allegations contained in paragraph 10 of Defendant Bovis' Cross-Claims.

11. Defendants acknowledge that Defendant Bovis asserts allegations that pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 it requests a declaration by the Court if its contractual rights to indemnification and to be held harmless contained in paragraph 11 of Defendant Bovis' Cross-Claims without admitting the appropriateness of the same.

## RESPONSES TO DEFENDANT BOVIS' THIRD CROSS-CLAIM

12. Defendants deny the allegations contained in paragraph 12 of Defendant Bovis' Cross-Claims.

## RESPONSES TO DEFENDANT BOVIS' FOURTH CROSS-CLAIM

13. Defendants deny the allegations contained in paragraph 13 of Defendant Bovis' Cross-Claims.

14. Defendants deny the allegations contained in paragraph 14 of Defendant Bovis' Cross-Claims.

15. Defendants deny the allegations contained in paragraph 15 of Defendant Bovis' Cross-Claims.

16. Defendants deny the allegations contained in paragraph 16 of Defendant Bovis' Cross-Claims.

17. Defendants deny the allegations contained in paragraph 17 of Defendant Bovis' Cross-Claims.

## AFFIRMATIVE DEFENSES TO CROSS-CLAIMS

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which an award of attorneys' fees can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped and barred by his own conduct from recovering any relief.

**WHEREFORE**, Defendants request judgment dismissing the Complaint and Cross-Claims against them with prejudice, together with its attorneys' fees and costs of suit.

Dated: New York, New York.
March 3, 2009

Respectfully submitted,
Arent Fox LLP
1675 Broadway
New York, New York
212-457-5465

By: _/s/ Sonya D. Johnson_
Darrell S. Gay (DSG/6037)
Sonya D. Johnson (SDJ/9509)
Attorneys for Defendants