**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**MARK DORN**, Individually and on behalf of all other persons similarly situated,

                Plaintiff,

- against -

**EDDINGTON SECURITY, INC.,
BOVIS LEND LEASE LMB, INC, and
MARK EDDINGTON**,

                Defendants.

Case No. 08 Civ. 10271 (LTS)(HP)

---

## PRELIMINARY PRE-TRIAL STATEMENT

Pursuant to the Court's Initial Conference Order dated December 9, 2008, and Fed. R. Civ. P. 26(f), Plaintiff Marc Dorn ("Plaintiff") and Defendants Mark Eddington ("Eddington"), Eddington Security Inc.("Eddington Security")(collectively "Eddington Defendants"), and Bovis Lend Lease LMB, Inc. ("Bovis"), by and through their respective, undersigned counsel, submit the following pre-trial statement.

### A. CONCISE STATEMENT OF THE NATURE OF THE ACTION

Plaintiff alleges in a putative collective action and class action that Plaintiff and other security guards regularly worked for Eddington, Eddington Security, and their clients, such as Bovis, (collectively "Defendants"), in excess of 40 hours per week but were not paid time-and one-half overtime compensation. Plaintiff also alleges that he and other security guards worked

for Defendants more than 10 hours per day but were not paid spread-of-hours pay, and were subject to improper wage deductions for license fees and mandatory uniforms.

Bovis asserts cross-claims against Eddington Security (i) alleging that Eddington Security breached its contract with Bovis to provide security guard services at the 130 Liberty Street project site by failing to provide employer practices liability insurance coverage, (ii) seeking a declaratory judgment that Eddington Security is contractually obligated to indemnify and hold Bovis harmless for any liabilities arising from Eddington Security's performance under the security guard services contract, (iii) seeking contribution from Eddington Security for any liability that Bovis may have in this action, and (iv) seeking common law indemnification from Eddington Security for any liability Bovis may have in this action.

**B. CONCISE STATEMENT OF EACH PARTY'S POSITION AS TO THE BASIS OF THIS COURT'S JURISDICTION OF THE ACTION, WITH CITATIONS TO ALL STATUTES RELIED UPON AND RELEVANT FACTS AS TO CITIZENSHIP AND JURISDICTIONAL AMOUNT**

Plaintiff's Position: This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b). Eddington Security is located in New York and is subject to personal jurisdiction in New York. Bovis is a New York corporation, resides in New York and is subject to personal jurisdiction in New York. Mark Eddington is an adult individual who resides in New York and is subject to personal jurisdiction in New York. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in New York, New York.

Defendants' Position: Defendants do not contest the Court's personal jurisdiction over Defendants in this action, and do not contest the venue of this action. Defendants do not contest the Court's subject matter jurisdiction except as to Plaintiff's claim to a Rule 23 class action under the New York State Labor Law combined with a collective action under the Fair Labor Standards Act, which Defendants contend cannot be combined in this action under theories of "inherent incompatibility," lack of "superiority" under Rule 23, compelling reasons justify declining jurisdiction under 28 U.S.C. § 1367(c)(4), and it violates the Rules Enabling Act (28 U.S.C. § 2071).

### C. CONCISE STATEMENT OF ALL MATERIAL UNCONTESTED OR ADMITTED FACTS

Plaintiff Marc Dorn was employed from April 2008 through November 2008 and worked at 130 Liberty Street during his employment. Eddington performed the job duties of a business agent for Eddington Security. During the relevant time period, Plaintiff and other security guards have been required to wear uniforms. Plaintiff and class members were prohibited by law from working without licenses. Bovis engages in business as a construction and project management company and has contracted with the Lower Manhattan Development Corporation to perform certain services at the premises located at 130 Liberty Street, New York, New York. Bovis contracted with Tyler-Connor, Inc., doing business as Eddington & Associates and also known as Eddington Security, Inc., for certain security guard services to be provided at the 130 Liberty Street, New York, New York, premises.

4851-3923-0981.5

## D. CONCISE STATEMENT OF ALL UNCONTESTED LEGAL ISSUES

There are no uncontested, material legal issues, except that the parties do not dispute Eddington Security and Bovis are employers as defined under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and that Bovis and Eddington Security are employers engaged in commerce within the meaning of the FLSA.

## E. CONCISE STATEMENT OF ALL LEGAL ISSUES TO BE DECIDED BY THE COURT

Regarding the Amended Complaint, the legal issues are whether Plaintiff and other security guards worked for Defendants in excess of 40 hours per week without receiving overtime pay at a rate of time-and one-half. Whether Plaintiff and other security guards worked for Defendants more than 10 hours per day without receiving spread-of-hours pay and whether they were subject to improper wage deductions for license fees and mandatory uniforms. Whether Defendants were obligated and failed to compensate Plaintiff and other security guards for the payment of license fees they were required to obtain. Whether Defendants were obligated and failed to compensate Plaintiff and other security guards for the purchase, cleaning, care, and maintenance of the uniforms they were required to wear. Whether Defendants failed to keep accurate time and pay records. Whether Plaintiff may maintain his claims as a collective action pursuant to the Fair Labor Standards Act, or a class action pursuant to Fed. R. Civ. P. 23, and whether Defendants' pay policies were willful or were pursued with reckless disregard of the law.

If Plaintiff succeeds in proving any of the asserted claims, the issue will be whether any of Defendants' affirmative defenses preclude or limit Plaintiff's recovery in whole or in part.

Regarding the counter-claims, the legal issues are whether Eddington is liable to Bovis for breach of their security guard services contract, whether Bovis is entitled to a declaration that Eddington is contractually obligated to indemnify Bovis in regard to Plaintiff's claims in this action, whether Bovis is entitled to contribution from Eddington for any damages awarded to Plaintiff or the putative class or collectivity, and whether Eddington is liable to Bovis for common law indemnification for Plaintiff's or the class or collective claims in this action.

      **F.**      **EACH PARTY'S CONCISE STATEMENT OF MATERIAL DISPUTED FACTS**

Joint Statement Regarding Plaintiff's Claims: Plaintiff contends that Plaintiff and other security guards regularly worked for Defendants in excess of 40 hours per week without receiving overtime pay at a rate of time-and one-half; Plaintiff and other security guards worked more than 10 hours per day for Defendants without receiving spread-of-hours pay; and they were subject to improper wage deductions for license fees and mandatory uniforms. Plaintiff also contends that Defendants failed to compensate Plaintiff and other security guards for the payment of license fees they were required to obtain and for the purchase, cleaning, care, and maintenance of the uniforms they were required to wear. Plaintiff claims that Defendants failed to keep accurate time and pay records. Lastly, Plaintiff contends the putative harm caused a class-wide injury and that Defendants' pay policies were willful or were pursued with reckless disregard of the law. Defendants deny these allegations and raise various affirmative defenses to these claims.

Joint Statement Regarding Bovis' Cross-claims: The contract for security guard services between Eddington Security and Bovis requires Eddington Security to procure and maintain at

- 5 -
4851-3923-0981.5

Eddington Security's expense a policy of employment practices liability insurance covering the services to be provided to Bovis by Eddington Security at the 130 Liberty Street project; the contract for security guard services between Eddington Security and Bovis requires Eddington Security to indemnify Bovis for any liability incurred by Bovis arising in connection with Eddington Security's performance of services under the contract, including the claims asserted Plaintiff in this action; Bovis is entitled, pursuant to Article 14 of the New York State Civil Practice Law and Rules, to contribution by Eddington Security for any damages owed by Bovis in this action; and, Bovis' liability, if any, for Plaintiff's claims in this action is based on conduct that is so passive, secondary and subordinate to that of Eddington Security that Bovis is entitled at New York common law to be indemnified and held harmless by Eddington Security in this action. Eddington denies these allegations and raises various affirmative defenses to the cross-claims.

### G. CONCISE STATEMENT BY EACH PLAINTIFF AND EACH CROSS-CLAIMANT OF THE LEGAL BASIS OF EACH CAUSE OF ACTION ASSERTED, INCLUDING CITATIONS TO ALL STATUTES, FEDERAL RULES OF CIVIL PROCEDURE, OTHER RULES AND CASE LAW INTENDED TO BE RELIED UPON BY SUCH PLAINTIFF OR CROSS-CLAIMANT

Plaintiff's Statement: The Plaintiff's FLSA claims should proceed as a FLSA Collective pursuant to 29 U.S.C. § 216(b). The Plaintiff's New York Labor Law claims should proceed on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff's NYLL claims include violations of New York Labor Law Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142; 12 N.Y.C.R.R. §§ 137-1.7, 3.10; N.Y.C.R.R. § 137-1.8; NYLL Article 6, § 193; 12 N.Y.C.R.R. §

137-2.5; 12 N.Y.C.R.R. § 142-2.6(a)(4). Plaintiff's FLSA claims are supported by 29 U.S.C. §§ 203(e), (m), 206(a), 207(a), and 255. Plaintiff's FLSA claims include violations of 29 U.S.C. §§ 201 *et seq;* 29 U.S.C. § 211(c).

Bovis' Statement as Cross-claimant: The contract for security guard services between Eddington Security and Bovis requires Eddington Security to procure and maintain at Eddington Security's expense a policy of employment practices liability insurance covering the services to be provided to Bovis by Eddington Security at the 130 Liberty Street project; the contract for security guard services between Eddington Security and Bovis requires Eddington Security to indemnify Bovis for any liability incurred by Bovis arising in connection with Eddington Security's performance of services under the contract, including the claims asserted Plaintiff in this action; Bovis is entitled, pursuant to Article 14 of the New York State Civil Practice Law and Rules, to contribution by Eddington Security for any damages owed by Bovis in this action; and, Bovis' liability, if any, for Plaintiff's claims in this action is based on conduct that is so passive, secondary and subordinate to that of Eddington Security that Bovis is entitled at New York common law to be indemnified and held harmless by Eddington Security in this action.

The Court has Supplemental Jurisdiction over Bovis' Cross-claims against Eddington pursuant to 28 U.S.C. § 1367. The First Cross-claim seeking damages for Eddington's breach of the insurance provisions of Eddington's security guard services contract with Bovis is based on the common law of the State of New York. E.g., *Cobble Hill Nursing Home, Inc. v. Henry and Warren Corp.*, 74 N.Y. 2d 475, 483 (1989); and , *Marshall Granger & Co., v. Sanossian & Sardis, LLP*, 15 App. Div. 3d 631, 632 (2d Dept. 2005). The Second Cross-claim seeking a

declaration that Eddington is contractually obligated to indemnify and hold Bovis harmless for any damages owed to Plaintiff is based on the Declaratory Judgment Act, 28 U.S.C. § 2201. Bovis' Third Cross-claim, seeking contribution is based on Article 14 of the New York Civil Practice Law and Rules. The Fourth Cross-claim seeks indemnification based on the common law of the State of New York. E.g., *Mas v. Two Bridges Associates*, 75 N.Y. 2d 680, 689-690 (1990).

Eddington and Eddington Security deny the allegations of the cross-claims and raise various defenses to these claims.

### H. CONCISE STATEMENT OF THE LEGAL BASIS OF EACH DEFENSE ASSERTED OR EXPECTED TO BE ASSERTED BY SUCH PARTY, INCLUDING CITATIONS TO ALL STATUTES, RULES, AND OTHER APPLICABLE REGULATORY AND JUDICIAL AUTHORITY INTENDED TO BE RELIED ON BY SUCH PARTY

Eddington Defendants' Statement: Without enumerating all the affirmative defenses of Eddington Defendants, the main defenses are: (a) Plaintiff was paid overtime in accordance with FLSA and NYLL; (b) Plaintiff was not subject to unlawful deductions under the NYLL; (c) Plaintiff was properly compensated for "spread of the hours" pay under the NYCRR; (d) Plaintiff is not a proper representative of the putative class under Rule 23; (e) Plaintiff cannot establish the prerequisites of a class under Rule 23; (f) Plaintiff cannot establish the prerequisites for a collective action under Section 216 of the FLSA; (g) Plaintiff cannot establish that Eddington Defendants acted willfully under Section 255 of the FLSA; and (h) Eddington Defendants shall establish its managerial decisions were made in good faith under Sections 259 and 260 of the FLSA.

Bovis' Statement: All defenses identified here are preliminary and are subject to further discovery in this action, which may lead to disclosure of evidence expanding, adding or otherwise amending Bovis' affirmative defenses in addition to its denials of Plaintiff's claims.

Bovis' principal defenses to the allegations of the complaint are that: (i) Bovis was not the employer of Plaintiff or anyone in the putative class; (ii) Plaintiff and all others in the putative class were paid overtime in accordance with Fair Labor Standards Act and the New York Labor Law; (iii) Plaintiff and all others in the putative class were not subject to unlawful deductions under the New York Labor Law; (iv) Plaintiff and all others in the putative class were properly compensated for "spread of the hours" pay under the Codes, Rules and Regulations of the State of New York; (v) Plaintiff is not a proper representative of the putative class under Rule 23; (vi) Plaintiff cannot establish the prerequisites of a class under Rule 23; (vii) Plaintiff cannot establish the prerequisites for a collective action under Section 216 of the FLSA; and (viii) Plaintiff cannot establish that Defendants acted willfully within the meaning of Section 255 of the Fair Labor Standards Act. Additionally, Bovis asserts several affirmative defenses, as follows.

First: The Amended Complaint fails to state a claim against Bovis upon which relief may be granted. Fed. R. Civ. P. Rule 12(b); New York CPLR s. 901.b; New York Labor Law ss. 198 and 663; *Carter v. Frito-Lay, Inc.*, 52 N.Y. 2d 994 (1981); *Ballard v. Community Home Care Referral*, 264 App. Div. 2d 484 (1st Dept. 1999); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 310-311 (3d Cir. 2003); *Foster v. The Food Emporium*, 2000 WL 1737858, *3 (USDC, SDNY

April 26, 2000); contra, *Noble v. 93 University Place Corp.*, 224 F.R.D. 330, 341 n.83 (SDNY, 2004).

Second: The Amended Complaint is barred by the statutes of limitation applicable to the Fair Labor Standards Act, 29 U.S.C. § 255, and the New York State Labor Law, Section 663 (McKinney's 2002).

Third: Plaintiff and the putative class members have failed to mitigate their damages. Generally, *Restatement (Second) of Torts*, § 918; and *Dailey v. Societe Generale*, 108 F. 3d 451, 458 n. 1 (2d Cir. 1997).

Fourth: The demand for a jury trial should be stricken as to all claims not triable of right by a jury. *Lorillard v. Pons*, 434 U.S. 575, 580 (1978); *Reich v. Southern New England Telecommunications Corp.*, 121 F. 3d 58, 70 (2d Cir. 1997); and *Brock v. Superior Care*, 840 F. 2d 1054, 1062-1065 (2d Cir. 1988).

Fifth: Plaintiff is, pursuant to the Federal Rules of Civil Procedure, not an adequate representative of the putative class. New York CPLR s. 901.b; New York Labor Law ss. 198 and 663; *Carter v. Frito-Lay, Inc.*, 52 N.Y. 2d 994 (1981); *Ballard v. Community Home Care Referral*, 264 App. Div. 2d 484 (1st Dept. 1999); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 310-311 (3d Cir. 2003); *Foster v. The Food Emporium*, 2000 WL 1737858, *3 (USDC, SDNY April 26, 2000); contra, *Noble v. 93 University Place Corp.*, 224 F.R.D. 330, 341 n.83 (SDNY, 2004).

Sixth: A collective action brought pursuant to the Fair Labor Standards Act conflicts with the Federal Rules of Civil Procedure requirements for a class action and therefore the purported class action brought under the New York State Labor Law is barred in this case. New York CPLR s. 901.b; New York Labor Law ss. 198 and 663; *Carter v. Frito-Lay, Inc.*, 52 N.Y. 2d 994 (1981); *Ballard v. Community Home Care Referral*, 264 App. Div. 2d 484 (1st Dept. 1999); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 310-311 (3d Cir. 2003); *Foster v. The Food Emporium*, 2000 WL 1737858, *3 (USDC, SDNY April 26, 2000); contra, *Noble v. 93 University Place Corp.*, 224 F.R.D. 330, 341 n.83 (SDNY, 2004).

Seventh: The liquidated damages and penalty provisions of the New York State Labor Law preclude the class action claims of the Amended Complaint in this case. New York CPLR s. 901.b; New York Labor Law ss. 198 and 663; *Carter v. Frito-Lay, Inc.*, 52 N.Y. 2d 994 (1981); *Ballard v. Community Home Care Referral*, 264 App. Div. 2d 484 (1st Dept. 1999); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 310-311 (3d Cir. 2003); *Foster v. The Food Emporium*, 2000 WL 1737858, *3 (USDC, SDNY April 26, 2000); contra, *Noble v. 93 University Place Corp.*, 224 F.R.D. 330, 341 n.83 (SDNY, 2004).

Eighth: Plaintiff's purported waiver of liquidated damages under the New York State Labor Law in this case creates a material conflict of interest between himself and other members of the purported class arising under the New York State Labor Law; this conflict of interest disqualifies Plaintiff as an adequate representative of the purported class; and the class action claims in the Amended Complaint are barred for lack of an adequate class representative. New York CPLR s. 901.b; New York Labor Law ss. 198 and 663; *Carter v. Frito-Lay, Inc.*, 52 N.Y.

2d 994 (1981); *Ballard v. Community Home Care Referral*, 264 App. Div. 2d 484 (1st Dept. 1999); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 310-311 (3d Cir. 2003); *Foster v. The Food Emporium*, 2000 WL 1737858, *3 (USDC, SDNY April 26, 2000); contra, *Noble v. 93 University Place Corp.*, 224 F.R.D. 330, 341 n.83 (SDNY, 2004).

Ninth: The Court lacks or should decline Supplemental Jurisdiction over Plaintiff's State law claims in this action. New York CPLR s. 901.b; New York Labor Law ss. 198 and 663; *Carter v. Frito-Lay, Inc.*, 52 N.Y. 2d 994 (1981); *Ballard v. Community Home Care Referral*, 264 App. Div. 2d 484 (1st Dept. 1999); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 310-311 (3d Cir. 2003); *Foster v. The Food Emporium*, 2000 WL 1737858, *3 (USDC, SDNY April 26, 2000); contra, *Noble v. 93 University Place Corp.*, 224 F.R.D. 330, 341 n.83 (SDNY, 2004).

Tenth: Assuming, without conceding, that Bovis participated in the conduct alleged in the Amended Complaint, then these allegations should be dismissed because Defendants' employment-related decisions were made in good faith. Fair Labor Standards Act, 29 U.S.C. §§ 259 and 260.

I. **CONCISE STATEMENT OF THE MEASURE OF PROOF AND ON WHOM THE BURDEN OF PROOF FALLS AS TO EACH CAUSE OF ACTION OR DEFENSE**

Plaintiff's Statement: Plaintiff bears the burden of proving by a preponderance of the evidence the NYLL and FLSA violations. Plaintiffs also bear the burden of demonstrating that the requirements of class certification under Fed. R. Civ. P. 23 have been met and that collective treatment under the FLSA, 29 U.S.C. § 216(b), is appropriate.

Defendants bear the burden of proof by a preponderance of the evidence for all affirmative defenses, respectively.

Bovis' Statement Regarding its Cross-claims: Bovis bears the burden of proof by the preponderance of the evidence for its cross-claims for breach of contract, declaratory judgment, contribution and common law indemnification.

The Eddington Defendants bear the burden of proof by a preponderance of the evidence for their affirmative defenses to the cross-claims.

### J. WHETHER AND TO WHAT EXTENT AMENDMENTS TO PLEADINGS AND/OR THE ADDITION OR SUBSTITUTION OF PARTIES WILL BE REQUIRED, AND PROPOSED DEADLINES THEREFORE

Joinder of additional parties to be accomplished by no later than February 25, 2010.

Amended pleadings may be filed without leave of the Court until February 25, 2010.

### K. STATEMENT AS TO WHETHER ALL PARTIES CONSENT TO TRANSFER OF THE CASE TO A MAGISTRATE JUDGE

All parties do not consent to trial by a Magistrate Judge under 28 U.S.C. 636(c).

### L. CHANGE TO REQUIREMENTS FOR DISCLOSURES AND TIMING AS TO WHEN DISCLOSURES WILL BE MADE

Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) are to be completed and served by no later than December 31, 2009. Some disclosures of paper payroll records have been made by the Eddington Defendants in anticipation of a private mediation that has been agreed upon, but not yet conducted; no further, formal, Rule 26 disclosures have yet been made.

### M. SUBJECTS ON WHICH DISCLOSURE MAY BE NEEDED AND PROPOSED DISCOVERY CUT-OFF DATE

The parties do not anticipate that there will be any changes to the form or requirements for disclosures under Fed. R. Civ. P. 26(a). All *fact* discovery is to be completed by June 30, 2010. The parties anticipate that discovery will be needed regarding (1) Plaintiff's underlying claims and Defendants' respective defenses, (2) Defendants' pay policies and practices, and (3) Plaintiff's claimed damages. Additional discovery will be required regarding Bovis' cross-claims and Eddington's defenses thereto.

### N. WHETHER AND TO WHAT EXTENT EXPERT EVIDENCE WILL BE REQUIRED, AND PROPOSED DEADLINES FOR EXPERT DISCOVERY

The parties have not yet determined whether and the extent to which expert evidence will be required.

All expert discovery (ordinarily conducted following the completion of fact discovery) including parties' expert reports and depositions, witness lists and identification of documents pursuant to Fed. R. Civ. P. 26(a)(2),(3) and 35(b), is proposed to be completed by:

Plaintiff's deadline for its expert discovery report is July 30, 2010.

Defendants' deadline for their expert discovery reports is August 30, 2010.

Experts' depositions, for all parties, are to be conducted by September 30, 2010.

### O. CHANGES TO LIMITATIONS ON DISCOVERY

The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. Interim deadlines may be

extended by the parties on consent without application to the Court, provided that the parties shall meet the discovery completion date ordered by the Court.

## P.     STATUS OF SETTLEMENT DISCUSSIONS AND PROSPECTS FOR SETTLEMENT OF THE ACTION

The parties have attempted to schedule private mediation on three occasions, however, the Eddington Defendants have not yet been able to provide Plaintiff with payroll and related documents in electronic format as requested by Plaintiff in time for the commencement of the agreed upon mediation. The parties remain interested in mediating this matter.

## Q.     WHETHER CASE IS TO BE TRIED BY A JURY AND NUMBER OF TRIAL DAYS EXPECTED TO BE NEEDED

Plaintiff states that the case is to be tried with a jury and expects 10 days to be needed for presentation of Plaintiffs' case. Defendants state that the case is to be tried with a jury and expect two or more days to be needed for presentation of Defendants' respective cases.

## R.     ANY OTHER ORDERS THAT SHOULD BE ENTERED BY THE COURT

No other orders are presently needed.

Respectfully submitted,

Dated: October 30, 2009

By: _/s/ Lauren E. Schwartzreich   By: _/s/ William H. Healey
  Lauren E. Schwartzreich (LS 8260)   William H. Healey (WH 3043)

  OUTTEN & GOLDEN LLP      MANDELBAUM, SALSBURG,
  3 Park Avenue, 29th Fl.       GOLD, LAZRIS & DISCENZA, P.C.
  New York, NY 10016       155 Prospect Avenue
  (212) 245-1000         West Orange, NJ 07052
                (973) 736-4600
  Robert Ottinger (RO 8879)     Attorneys for Defendants
  THE OTTINGER FIRM, P.C.     Mark Eddington and
  South Street Seaport       Eddington Security, Inc.
  19 Fulton Street, Suite 408
  New York, NY 10038
  (212) 571-2000        By: _/s/ G. Peter Clark
                 G. Peter Clark (GC 5489)
  Attorneys for Plaintiff and the Putative
  Class               KAUFF MCGUIRE & MARGOLIS LLP
                950 Third Avenue, 14th Floor
                New York, NY 10022
                (212) 909-0710
                Attorneys for Defendant Bovis